NICHOLS KASTER & ANDERSON, LLP
Bryan J. Schwartz, CA State Bar No. 209903
schwartz@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Carter, (see attached) PLAINTIFF(S) <br><br> v. <br><br> Anderson Merchandisers, LP, and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | **CASE NUMBER** <br><br> CV 08 - 00025 VAP (OPx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):  Anderson Merchandisers, LP

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Matthew Morgan and David Zoeller  , whose address is  80 South Eighth Street, Suite 4600, Minneapolis, MN  55402  .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

SHERRI R. CARTER

Clerk, U.S. District Court

Dated:   JAN 1 0 2008

By:   L. Murray
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Kevin Carter, Justin Clouse, Deborah Lanasa, and Michael Styles individually, on behalf of all others similarly situated, and on behalf of the general public | **DEFENDANTS**<br>Anderson Merchandisers, LP |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Riverside County, CA | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Potter County, TX |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Bryan J. Schwartz, Matthew H. Morgan, David C. Zoeller<br>Nichols Kaster & Anderson, PLLP<br>80 South Eighth Street, Suite 4600 Minneapolis, MN  55402<br>(612) 256-3200 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify);    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No         ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Labor Standards Act (FLSA) 29 U.S.C. Sec. 216(b); Failure to pay overtime compensation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s): _____        ED CV 08 – 00025   VAP (OPx)

**FOR OFFICE USE ONLY:**   Case Number: _____   ED CV 08 – 00025

JAN 10 2008

NICHOLS KASTER & ANDERSON, LLP
Bryan J. Schwartz, CA State Bar No. 209903
schwartz@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN State Bar No. 78918
nichols@nka.com
(pro hac vice application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
lukas@nka.com
(pro hac vice application forthcoming)
Matthew Morgan, MN State No. 304657
morgan@nka.com
(pro hac vice application forthcoming)
David C. Zoeller, MN State Bar No. 0387885
zoeller@nka.com
(pro hac vice application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Individual and Representative Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ED   CV   08 Case No. 0 0 0 2 5 VAP (OPx)

| | |
|---|---|
| Kevin Carter, Justin Clouse, Deborah Lanasa, and Michael Styles individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Anderson Merchandisers, LP, and DOES 1-10, inclusive,<br><br>Defendants. | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>(1)   **Failure to Pay Overtime Compensation In Violation of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.)**<br><br>(2)   **Failure to Pay Overtime Compensation in Violation of California Law (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))**<br><br>(3)   **Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>(4)   **Failure to Provide Itemized Wage Statements (California Labor** |

Code Section 226)

**(5)      Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 226.7)**

**(6)      Violation of California Business and Professions Code Sections 17200 et seq.**

**(7)      Failure to Pay Overtime Compensation in Violation of Oregon Law (ORS sections 653.261, 653.055 and OR ADC 839-020-0030)**

**(8)      Failure to Pay Wages Upon Separation In Violation of Oregon Law (ORS sections 162.140, 162.150)**

**(9)      Failure to Provide Appropriate Rest Periods in Violation of Oregon Law (ORS sections 653.261, 653.055 and OR ADC 839-020-0030)**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representatives Kevin Carter, Justin Clouse, Deborah Lanasa, and Michael Styles on their own behalf and on behalf of the proposed classes identified below. Plaintiffs and the putative class members were or are employed by Anderson Merchandisers, LP ("Defendant") and certain Doe Defendants, or their predecessors-in-interest, as Sales Representatives, Marketing Sales Representatives or some similar title ("Sales Representatives"). As Sales Representatives, Plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state wage and hour laws, and are entitled to overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Class is made of all persons who are or have been

1  employed by Defendant as Sales Representatives at any time within the United
2  States within three years prior to this action's filing date, through the date of final
3  disposition of this action (the "Collective Class Period").

4       3.    The California Class is made up of all persons who are or have been
5  employed by Defendants as Sales Representatives in the State of California within
6  the four year period prior to the filing date of this Complaint (the "California Class
7  Period," collectively with the Oregon Class Period, the "State Class Periods").

8       4.    The Oregon Class is made up of all persons who are or have been
9  employed by Defendants as a Sales Representative in the State of Oregon within the
10 two year period prior to the filing date of this Complaint (the "Oregon Class
11 Period," collectively with the California Class Period, the "State Class Periods").

12      5.    During the Collective Class Period and the State Class Periods,
13 Defendants failed to pay appropriate compensation, including overtime
14 compensation, to each member of the Collective Class and Class as required by
15 federal and state law.  Plaintiffs seek relief for the California and Oregon Classes
16 pursuant to the applicable State Law, Rules, Regulations, and Wage Orders of the
17 Industrial Welfare Commission ("IWC").  Plaintiffs also seek relief for the
18 Collective Class under the Fair Labor Standards Act. All of the relief sought is to
19 remedy the Defendants' failure to pay all wages due, to pay appropriate overtime
20 compensation, to provide or authorize meal and rest periods, to pay waiting time
21 penalties, and to maintain accurate time records, in addition to injunctive relief.

22 **THE PARTIES**

23      6.    Individual and representative Kevin Carter (the "California Plaintiff")
24 resides in Murrieta, California (Riverside County).   He was employed by
25 Defendants between August, 2001 and August, 2006 as a Sales Representative,
26 working in Riverside and San Diego Counties.  Plaintiff Kevin Carter brings his
27 claim on behalf of himself and the Collective and California Classes.

28      7.    Individual and representative Justin Clouse (the "Oregon Plaintiff")

-3-

1  resides in Eugene, Oregon. He was employed by Defendants between June, 2004

2  and January, 2005 as a Sales Representative, working in Pendleton, Oregon and

3  LaGrande, Oregon. Plaintiff Justin Clouse brings his claim on behalf of himself the

4  Collective and Oregon Classes.

5        8.    Individual and representative Deborah Lanasa resides in Marietta,

6  Georgia. She was employed by Defendants between 2000 and 2006 as a Sales

7  Representative, working in the area surrounding Atlanta, Georgia. Plaintiff

8  Deborah Lanasa brings her claim on behalf of herself and the Collective Class.

9        9.    Individual and representative Michael Styles resides in Marietta,

10  Georgia. He has been employed by Defendants from May of 2002 to the present as

11  a Sales Representative, working the area surrounding Atlanta, Georgia. Plaintiff

12  Michael Styles brings his claim on behalf of himself and the Collective Class.

13       10.    Upon information and belief, Defendant Anderson Merchandising, LP

14  is a Texas Limited Partnership doing business throughout the United States,

15  including Riverside County, California.

16       11.    Defendants Does 1-10, inclusive, are sued herein under fictitious

17  names. Their true names and capacities are unknown to Plaintiffs. When their true

18  names and capacities are ascertained, Plaintiffs will amend this Complaint by

19  inserting their true names and capacities herein. Plaintiffs are informed and believe

20  and thereon allege that each of the fictitiously-named Defendants is responsible in

21  some manner for the occurrences herein alleged, and that the damages of Plaintiffs

22  and the putative class members herein alleged were proximately caused by such

23  Defendants.

24       12.    Plaintiffs are informed, believe, and thereon allege that each of the

25  Defendants herein were, at all times relevant to this action, the agent, employee,

26  representative partner, and/or joint venturer of the remaining Defendants and was

27  acting within the course and scope of the relationship. Plaintiffs are further

28  informed, believe, and thereon allege that each of the Defendants herein gave

1    consent to, ratified and authorized the acts alleged herein to the remaining

2    Defendants.

3                       **JURISDICTION AND VENUE**

4        13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

5    as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.*  Each

6    representative Plaintiff has signed a consent form to join this lawsuit, attached

7    hereto as **Exhibit A**.  This Court also has supplemental jurisdiction over Plaintiffs'

8    state law claims pursuant to 28 U.S.C. § 1367.

9        14.    Venue is proper in the United States District Court, Central District of

10   California pursuant to 28 U.S.C. § 1391, because a substantial part of the events

11   giving rise to the claims occurred in Riverside County, California.

12       15.    Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned

13   to the Central District of California because a substantial portion of the events

14   giving rise to this dispute occurred in Riverside, California.

15                     **COLLECTIVE ACTION ALLEGATIONS**

16       16.    Plaintiffs bring this action on behalf of themselves and other

17   employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b).  The

18   employees similarly situated are:

19       **Collective Class:** All persons who are or have been employed by

20                           Defendants as a Sales Representative, who were either

21                           misclassified as exempt, and therefore erroneously denied

22                           overtime compensation as required by federal wage and

23                           hour laws, or not paid for all time they suffered or

24                           permitted to work for Defendants and therefore

25                           erroneously denied overtime compensation as required by

26                           federal wage and hour laws, at any time within the United

27                           States within three years prior to this action's filing date

28                           through the final disposition of this case.

17.   Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without being paid appropriate compensation, and suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

18.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

19.   Upon information and belief, Defendants knew that Plaintiffs and the Collective Class, performed work that required overtime pay.  Upon information and belief, Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

20.   Defendants misclassified Plaintiffs and members of the Collective Class with the Job title of Sales Representative as "exempt" from federal and state overtime laws.  Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

21.   Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

22.   Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation, including overtime pay, in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

23.   Plaintiffs bring this action as a class action pursuant to Rule 23 of the

-6-

1    Federal Rules of Civil Procedure on behalf of the following defined classes:

2    **Proposed California Class:**         All employees of Defendants
3    who were, are, or will be employed in the State of
4    California as a Sales Representative who are or
5    were either misclassified as exempt, and therefore
6    erroneously denied overtime compensation, or not
7    paid for all time they suffered or permitted to work
8    for Defendants and therefore erroneously denied
9    appropriate compensation, including overtime
10   compensation, as required by state wage and hour
11   laws, within the State of California within the
12   period four years prior to the filing date of this
13   Complaint.

14   **Proposed Oregon Class:**         All employees of Defendants who
15   were, are, or will be employed in the State of
16   Oregon as a Sales Representative who are or were
17   either misclassified as exempt, and therefore
18   erroneously denied overtime compensation, or not
19   paid for all time they suffered or permitted to work
20   for Defendants and therefore erroneously denied
21   appropriate compensation, including overtime
22   compensation, as required by state wage and hour
23   laws, within the State of Oregon within the period
24   two years prior to the filing date of this Complaint.

25       24.   <u>Numerosity:</u>      The Proposed Classes are so numerous that joinder
26   of all members is impracticable.  Plaintiffs are informed and believe, and on that
27   basis allege, that during the relevant class periods, for each respective Proposed
28   Class, Defendants employed in excess of fifty individuals who satisfy the definition

of that Proposed Class.

25.   Typicality:  Plaintiffs' claims are typical of the members of the Proposed Classes.  Plaintiffs are informed and believe that, like other Sales Representatives they routinely worked more than eight hours per day and more than 40 hours per week during the Class Periods.  Plaintiffs had the same duties and responsibilities as other Class members and were subject to Defendants' policy and practice of improperly treating and classifying these employees as "exempt" from federal and state overtime law, misrepresenting to these employees that they were exempt from federal and state overtime law, improperly failing to pay appropriate overtime compensation for all hours worked, failing to provide or authorize meal and rest breaks in compliance with state laws, failing to maintain accurate time records of hours worked by the Proposed Classes and failing to issue accurate itemized wage statements to these individuals.

26.   Superiority:  A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.  Prosecuting hundreds of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

27.   Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Proposed Classes, and have retained counsel experienced in complex wage and hour class and collective action litigation.

28.   Commonality:   Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to:

A.   Whether Defendants improperly classified Plaintiffs and members of the State Classes with the job title of Sales Representative as exempt;

-8-

B. Whether Defendants unlawfully failed to fully pay appropriate compensation, including overtime compensation, to members of the Proposed Classes in violation of the state wage laws and the FLSA;

C. Whether Plaintiffs and State Class members who are no longer employed with Defendants are entitled to penalties for failure to timely pay wages upon termination of employment, pursuant to the applicable state laws;

D. Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

E. Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of FLSA, 29 U.S.C. § 201 et seq., and state wage laws;

F. Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to state wage laws;

G. The proper measure of damages sustained by the Proposed Classes; and

H. Whether Defendants' actions were "willful."

29. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

30. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3)

-9-

1  because questions of law and fact common to the Proposed Classes predominate
2  over any questions affecting only individual members of the Proposed Class, and
3  because a class action is superior to other available methods for the fair and
4  efficient adjudication of this litigation. Defendants' common and uniform policies
5  and practices denied the Proposed Classes the overtime pay and other compensation
6  to which they are entitled. The damages suffered by the individual Proposed Class
7  members are small compared to the expense and burden of individual prosecution
8  of this litigation. In addition, class certification is superior because it will obviate
9  the need for unduly duplicative litigation that might result in inconsistent judgments
10 about Defendants' practices.

11      31.    Plaintiff intends to send notice to all members of the Proposed Classes
12 to the extent required by Rule 23. The names and addresses of the Proposed
13 Classes are available from Defendants.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act

### (On Behalf of Plaintiffs and the Collective Class)

18      32.    Plaintiffs, on behalf of themselves and the collective class, allege and
19 incorporate by reference the allegations in the preceding paragraphs.

20      33.    Plaintiffs consent in writing to be a party of this action, pursuant to 29
21 U.S.C. § 216(b). Plaintiffs' written consent forms are attached as **Exhibit A**.
22 Plaintiffs anticipate that as this case proceeds, other individuals will sign consent
23 forms and join as plaintiffs.

24      34.    At all relevant times, Defendants have been, and continue to be, an
25 "employer" engaged in interstate commerce and/or in the production of goods for
26 commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

27      35.    The FLSA requires each covered employer such as Defendants to
28 compensate all non-exempt employees at a rate of not less than one and one-half

-10-

1    times the regular rate of pay for work performed in excess of forty hours per work

2    week.

3        36.    During their employment with Defendants, within the applicable

4    statute of limitations, Plaintiffs and the other Collective Class members worked in

5    excess of forty hours per workweek.  Despite the hours worked by Plaintiffs and the

6    Collective Class members, Defendants willfully, in bad faith, and in knowing

7    violation of the Federal Fair Labor Standards Act, failed and refused to pay them

8    the appropriate overtime compensation for all the hours worked as well as those in

9    excess of forty per week.

10       37.    By failing to accurately record, report, and/or preserve records of

11   hours worked by Plaintiffs and the Collective Class, Defendants have failed to

12   make, keep, and preserve records with respect to each of their employees sufficient

13   to determine their wages, hours, and other conditions and practice of employment,

14   in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

15       38.    The foregoing conduct, as alleged, constitutes a willful violation of the

16   FLSA, within the meaning of 29 U.S.C. § 255(a).

17       39.    Plaintiffs, on behalf of themselves and the Collective Class, seek

18   damages in the amount of their respective unpaid compensation, including overtime

19   compensation, liquidated damages from three years immediately preceding the

20   filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C.

21   §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems

22   just and proper.

23       40.    Plaintiffs, on behalf of themselves and the Collective Class, seek

24   recovery of their attorneys' fees and costs to be paid by Defendants, as provided by

25   the FLSA, 29 U.S.C. § 216(b).

26                          **SECOND CLAIM FOR RELIEF**

27      **Failure to Pay Overtime Compensation in Violation of California Law**

28         **(On Behalf of the California Plaintiff and the California Class)**

41.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §510 require an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

43.     Plaintiff Kevin Carter is informed and believes, and thereon alleges, that members of the California Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff Kevin Carter and the other California Class members are entitled to recover their unpaid overtime compensation.

44.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Kevin Carter and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**Waiting Time Penalties**

**(On Behalf of the California Plaintiff and the California Class)**

45.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

-12-

46.   During the relevant time period, many California Class members were employed by and thereafter terminated by or resigned from their positions with Defendants.  Defendants, however, willfully failed to pay such California Class members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

47.   Under Labor Code sections 201, 202, and 203, those California Class members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## FOURTH CLAIM FOR RELIEF

### Failure to Provide Accurate Itemized Wage Statements

### (On Behalf of the California Plaintiff and the California Class)

48.   Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

49.   California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.  California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

50.   Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Kevin Carter and the California Class in accordance with Labor Code § 226(a).  Such failure caused injury to Plaintiff Kevin Carter and the California Class members, by, among other things, impeding them from knowing the total hours

-13-

1    worked and the amount of wages to which they are and were entitled.   Plaintiff

2    Kevin Carter and the California Class are therefore entitled to the damages and

3    penalties provided for under Labor Code § 226(e).   Pursuant to Labor Code section

4    226(g), the California Plaintiff and the California Class are also entitled to and seek

5    injunctive relief requiring Defendant to comply with Labor Code 226(a).

### FIFTH CLAIM FOR RELIEF

**Failure to Provide Rest Breaks and Meal Periods**

**(On Behalf of the California Plaintiff and the California Class)**

9      51. Plaintiffs allege and incorporate by reference the allegations in the

10   preceding paragraphs.

11     52. California Labor Code section 512 prohibits an employer from

12   employing an employee for a work period of more than five hours per day without

13   providing the employee with a meal period of not less than 30 minutes, or for a

14   work period of more than 10 hours per day without providing the employee with a

15   second meal period of not less than 30 minutes.

16     53. Section 11 of Wage Order No. 4 provides (and at all times relevant

17   hereto provided) in relevant part that:

18     No employer shall employ any person for a work period of more than

19     five (5) hours without a meal period of not less than 30 minutes,

20     except that when a work period of not more than six (6) hours will

21     complete the day's work the meal period may be waived by mutual

22     consent of the employer and employee. Unless the employee is

23     relieved of all duty during a 30 minute meal period, the meal period

24     shall be considered an "on duty" meal period and counted as time

25     worked. An "on duty" meal period shall be permitted only when the

26     nature of the work prevents an employee from being relieved of all

27     duty and when by written agreement between the parties an on-the-

28     job paid meal period is agreed to. The written agreement shall state

-14-

1      that the employee may, in writing, revoke the agreement at any time.

2      If an employer fails to provide an employee a meal period in

3      accordance with the applicable provisions of this Order, the employer

4      shall pay the employee one (1) hour of pay at the employee's regular

5      rate of compensation for each work day that the meal period is not

6      provided.

7      54.    Section 12 of Wage Order No. 4 provides (and at all times relevant

8  hereto provided) in relevant part that:

9      Every employer shall authorize and permit all employees to take rest

10      periods, which insofar as practicable shall be in the middle of each

11      work period. The authorized rest period time shall be based on the total

12      hours worked daily at the rate of ten (10) minutes net rest time per four

13      (4) hours or major fraction thereof. However, a rest period need not be

14      authorized for employees whose total daily work time is less than three

15      and one-half (3 ½) hours. Authorized rest period time shall be counted,

16      as hours worked, for which there shall be no deduction from wages.  If

17      an employer fails to provide an employee a rest period in accordance

18      with the applicable provisions of this Order, the employer shall pay the

19      employee one (1) hour of pay at the employee's regular rate of

20      compensation for each work day that the rest period is not provided.

21      55.    California Labor Code § 226.7 prohibits any employer from requiring

22  any employee to work during any meal or rest period mandated by an applicable

23  IWC wage order, and provides that an employer that fails to provide an employee

24  with a required rest break or meal period shall pay that employee one additional

25  hour of pay at the employee's regular rate of compensation for each work day that

26  the employer does not provide a compliant meal or rest period.

27      56.    Defendants failed to provide Plaintiff Kevin Carter and California

28  Class members with meal periods as required by law, and failed to authorize and

-15-

permit such Plaintiff and California Class members to take rest periods as required by law.   Plaintiff Kevin Carter and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law.

## SIXTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf of the California Plaintiff and the California Class)

57.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

58.    Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.   The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

59.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Kevin Carter and the California Class members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay minimum wage and overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## SEVENTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of Oregon Law

### (On Behalf of the Oregon Plaintiff and the Oregon Class)

60.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

61.    At all relevant times herein, ORS § 653.261 and OR ADC 839-020-0030 required an employer, such as Defendants, to pay overtime premium(s) of not

-16-

1   less than one and one-half times the regular rate of pay "when computed without
2   benefits or commissions, overrides, spiffs, bonuses, tips, or similar benefits."

3       62.     Plaintiff Justin Clouse is informed and believes, and thereon alleges,
4   that members of the Oregon Class worked in excess of 40 hours per week, that
5   members of the Oregon Class with the title of Sales Representative were
6   misclassified as exempt, and that Defendants unlawfully failed to pay members of
7   the Oregon Class the overtime required in violation of ORS § 653.261 and OR
8   ADC 839-020-0030.   Pursuant to ORS § 653.055, Plaintiff Justin Clouse and
9   Oregon Class Members are entitled to recover their unpaid overtime compensation.

10      63.     As a direct and proximate result of Defendants' unlawful conduct, as
11  set forth herein, Plaintiff Justin Clouse and the Oregon Class have sustained
12  damages, including but not limited to loss of earnings for hours of overtime worked
13  on behalf of Defendants in an amount to be established at trial, plus interest,
14  attorneys' fees and costs.

15      64.     Plaintiffs moreover seek appropriate declaratory and injunctive relief
16  and such other legal and equitable remedies available under Oregon law as the
17  Court deems just and proper.

18                          **EIGHTH CLAIM FOR RELIEF**
19          **Failure to Pay Wages Upon Separation In Violation of Oregon Law**
20             **(On Behalf of the Oregon Plaintiff and the Oregon Class)**

21      65.     Plaintiffs allege and incorporate by reference the allegations in the
22  preceding paragraphs.

23      66.     During the relevant time period, many Oregon Class members were
24  employed by and thereafter terminated by or resigned from their positions with
25  Defendants.   Defendants, however, willfully failed to pay such Class Members all
26  wages owed them (including overtime wages) within the time limits set forth in
27  ORS § 652.140.

28      67.     Under ORS § 652.150, those Oregon Class Members who no longer

                                    -17-
                          CLASS ACTION COMPLAINT

1   work for Defendants are entitled to penalties for Defendants' willful failure to
2   timely pay all wages owed upon separation of their employment in an amount to be
3   established at trial, plus interest, attorneys' fees, and costs.

### NINTH CLAIM FOR RELIEF

**Failure to Provide Appropriate Meal and Rest Periods in Violation of Oregon Law**

**(On Behalf of the Oregon Plaintiff and the Oregon Class)**

8       68.    Plaintiffs allege and incorporate by reference the allegations in the
9   preceding paragraphs.

10       69.    At all relevant times herein, ORS § 653.261 and OR ADC 839-020-
11   0050 required an employer, such as Defendants, to provide employees with an
12   "appropriate" rest and meal period.

13       70.    Defendants regularly and systematically failed to provide Plaintiff
14   Justin Clouse and the Oregon Class with appropriate meal and rest periods as
15   required by law.  As a result, Plaintiff Justin Clouse and members of the Oregon
16   Class regularly worked while they should have been receiving breaks.  Plaintiff
17   Justin Clouse and the Oregon Class are therefore entitled to payment for each meal
18   and rest period missed during the class period.  Pursuant to ORS § 653.055, Plaintiff
19   Justin Clouse and the Oregon Class Members are entitled to recover their unpaid
20   compensation.

21       71.    As a direct and proximate result of Defendants' unlawful conduct, as
22   set forth herein, Plaintiff Justin Clouse and the Oregon Class have sustained
23   damages, including but not limited to loss of earnings for time worked during meal
24   and rest periods, on behalf of Defendants in an amount to be established at trial, plus
25   interest, attorneys' fees and costs.

26       72.    Plaintiffs moreover seek appropriate declaratory and injunctive relief
27   and such other legal and equitable remedies available under Oregon law as the
28   Court deems just and proper.

-18-

1

<u>**PRAYER FOR RELIEF**</u>

2

73.   **WHEREFORE**, Plaintiffs, on behalf of themselves and all members

3

of the Collective and State Classes, pray for relief as follows:

4   A.   Designation of this action as a collective action on behalf of the

5   nationwide Collective Class and prompt issuance of notice

6   pursuant to 29 U.S.C. § 216(b) to all similarly situated

7   members of the nationwide Collective Class apprising them of

8   the pendency of this action, and permitting them to assert

9   timely FLSA claims in this action by filing individual consent

10   forms pursuant to 29 U.S.C. § 216(b);

11   B.   That Defendants are found to have violated the overtime

12   provisions of the Federal Fair Labor Standards Act as to

13   Plaintiffs and the Collective Class;

14   C.   Judgment against Defendants for an amount equal to Plaintiffs

15   and the Collective Class's unpaid back wages at the applicable

16   rate, including the overtime rate;

17   D.   That Defendants are found to have violated the FLSA by failing

18   to maintain accurate time records of all the hours worked by

19   Plaintiffs and the Collective Class;

20   E.   That Defendants' violations as described above are found to be

21   willful;

22   F.   An award to Plaintiffs and the Classes for the amount of unpaid

23   wages owed, liquidated damages and penalties where provided

24   by state and federal law, and interest thereon, subject to proof at

25   trial;

26   G.   For an award of reasonable attorneys' fees and costs pursuant to

27   29 U.S.C. section 216 and/or other applicable state laws;

28   H.   An award of prejudgment interest;

CLASS ACTION COMPLAINT

I.    Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.    Leave to amend to add additional state law claims by motion;

K.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

L.    That Defendants are found to have violated the overtime, meal/rest period, itemized wage statement/time records, and failure to timely pay wages penalty provisions of the state wage laws cited above as to the respective State Classes;

M.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Classes due to Defendants' unlawful activities, pursuant to California state laws cited above;

N.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

O.    That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

P.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

74.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

-20-

CLASS ACTION COMPLAINT

1   Dated: January 9, 2008                    NICHOLS KASTER & ANDERSON, LLP

2

3                                             By:   _____

4                                                   Bryan J. Schwartz
                                                    ATTORNEYS FOR PLAINTIFFS
5                                                   AND THE PUTATIVE CLASSES

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A



## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____    1-5-08
Signature                                        Date

KEVIN P. CARTER

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com



REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____   1·3·08
Signature                              Date

Justin  Lee  Clouse

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Tim Selander
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: selander@nka.com
                          Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Deborah A Lanasa_ 12-26-07
Signature                                            Date

_Deborah A. LANASA_
Print Name

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn. Tim Selander
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: selander@nka.com
Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

    I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

*Michael Styles*       12/24/07
Signature                  Date

*Michael Styles*

REDACTED

Fax, Mail or Email to:    Nichols Kaster &
                        Attn. Tim Selander
                        4600 IDS Center, 80 South Eighth Street,
                        Minneapolis, MN 55402-2242
                        Fax: (612) 215-6870
                        Toll Free Telephone: (877) 448-0492
                        Email: selander@nka.com
                        Web:  www.overtimecases.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

### EDCV08- 25 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (If a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY