1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOWNEY BRAND LLP

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KEVIN CARTER, JUSTIN CLOUSE, DEBORAH LANASA, and MICHAEL STYLES, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>ANDERSON MERCHANDISERS, LP, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  5:08-CV-00025 VAP (OPx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

Pursuant to the Stipulated Protective Order entered into by and between the Parties and filed on May 2, 2008, the Court hereby orders as follows:

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.      Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, or personal identifying information pertaining to individuals, subject to protection under the Federal Rules of Civil Procedure or California law.  Such

1   documents and responses designated "confidential," including the information

2   contained therein, are hereinafter referred to as "Confidential Information."  Where

3   a document or response consists of more than one page, the first page and each

4   page on which Confidential Information appears shall be so designated.

5       2.    A party or non-party may designate information disclosed during a

6   deposition or in response to written discovery as "confidential" by so indicating in

7   said responses or on the record at the deposition and requesting the preparation of a

8   separate transcript of such material.   Additionally, a party or non-party may

9   designate in writing, within twenty (20) days after receipt of said responses or of

10  the deposition transcript for which the designation is proposed, that specific pages

11  of the transcript and/or specific responses be treated as Confidential Information.

12  Any other party may object to such proposal, in writing or on the record.  Upon

13  such objection, the parties shall follow the procedures described in paragraph 8

14  below.  After any designation made according to the procedure set forth in this

15  paragraph, the designated documents or information shall be treated according to

16  the designation until the matter is resolved according to the procedures described in

17  paragraph 8 below, and counsel for all parties shall be responsible for marking all

18  previously unmarked copies of the designated material in their possession or

19  control with the specified designation.

20      3.    All Confidential Information produced or exchanged in the course of

21  this case (other than information that is publicly available) shall be used by the

22  party or parties to whom the information is produced solely for the purpose of this

23  case.

24      4.    Except with the prior written consent of the other parties, or upon prior

25  order of this Court obtained upon notice to opposing counsel, Confidential

26  Information shall not be disclosed to any person other than:

27      a)    counsel for the respective parties to this litigation, including in-

28  house counsel and co-counsel retained for this litigation;

DOWNEY BRAND LLP

2

**PROTECTIVE ORDER**

1              b)      employees of such counsel;

2              c)      individual defendants, class representatives, any putative class

3    member who has filed a consent with the Court to join in this litigation, any officer

4    or employee of a party, to the extent deemed necessary by counsel for the

5    prosecution or defense of this litigation;

6              d)      consultants or expert witnesses retained for the prosecution or

7    defense of this litigation, provided that each such person shall execute a copy of the

8    "Agreement to Be Bound by Protective Order" (Exhibit A) (which shall be retained

9    by counsel to the party so disclosing the Confidential Information and made

10   available for inspection by opposing counsel during the pendency or after the

11   termination of the action only upon good cause shown and upon order of the Court)

12   before being shown or given any Confidential Information;

13             e)      any authors or recipients of the Confidential Information;

14             f)      the Court and Court personnel;

15             g)      court reporters, their staffs, and professional vendors to whom

16   disclosure is reasonably necessary for this litigation and who have signed the

17   "Agreement to Be Bound by Protective Order" (Exhibit A); and

18             h)      witnesses (other than persons described in paragraph 4 (e)).

19       A witness shall sign the "Agreement to Be Bound by Protective Order"

20   (Exhibit A) before being shown Confidential Information.   Confidential

21   Information may be disclosed to a witness who will not sign the "Agreement to Be

22   Bound by Protective Order" (Exhibit A) only in a deposition at which the party who

23   designated the Confidential Information is represented or has been given notice that

24   Confidential Information produced by the party may be used.  At the request of any

25   party, the portion of the deposition transcript involving the Confidential

26   Information shall be designated "confidential" pursuant to paragraph 2 above.

27   Witnesses shown Confidential Information shall not be allowed to retain copies.

28

DOWNEY BRAND LLP

3

NOTE CHANGES MADE BY THE COURT.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    For applications and motions to the Court on which a party submits Confidential Information *in compliance with Local Rule 79-5, all* documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information, and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

7.    A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have fifteen (15) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party

DOWNEY BRAND LLP

1   seeking the order has the burden of establishing that the document is entitled to

2   protection.

3        9.    Notwithstanding any challenge to the designation of material as

4   Confidential Information, all documents shall be treated as such and shall be subject

5   to the provisions hereof unless and until one of the following occurs:

6            a)    the party or non-party who claims that the material is

7   Confidential Information withdraws such designation in writing; or

8            b)    the party or non-party who claims that the material is

9   Confidential Information fails to apply to the Court for an order designating the

10  material confidential within the time period specified above after receipt of a

11  written challenge to such designation; or

12           c)    the Court rules the material is not Confidential Information.

13       10.    All provisions of this Order restricting the communication or use of

14  Confidential Information shall continue to be binding after the conclusion of this

15  action, unless otherwise agreed or ordered.  Conclusion of this action shall refer to

16  termination of the litigation by way of dismissal or judgment.  Upon conclusion of

17  the litigation, a party in the possession of Confidential Information, other than that

18  which is contained in pleadings, correspondence, and deposition transcripts, shall

19  either (a) return such documents no later than thirty (30) days after conclusion of

20  this action to counsel for the party or non-party who provided such information, or

21  (b) destroy such documents within the time period upon consent of the party who

22  provided the information and certify in writing within thirty (30) days that the

23  documents have been destroyed.

24       11.    The terms of this Order do not preclude, limit, restrict, or otherwise

25  apply to the use of documents at trial.

26       12.    Nothing herein shall be deemed to waive any applicable privilege or

27  work product protection, or to affect the ability of a party to seek relief for an

28  inadvertent disclosure of material protected by privilege or work product protection.

DOWNEY BRAND LLP

PROTECTIVE ORDER

13.    Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

IT IS SO ORDERED.

DATED: 5/9 , 2008

OSWALD PARADA
U.S. MAGISTRATE JUDGE

DOWNEY BRAND LLP

6

**PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2008 [date] in the case of *Carter v. Anderson Merchandisers, LP, et al*, Case No. 5:08-CV-00025 VAP (OPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**PROTECTIVE ORDER**

DOWNEY BRAND LLP

1  DOWNEY BRAND LLP
   DANIEL J. COYLE (Bar No. 119274)
2  MONICA S. HANS (Bar No. 227379)
   ANNIE S. AMARAL (Bar No. 238189)
3  555 Capitol Mall, Tenth Floor
   Sacramento, CA 95814-4686
4  Telephone: (916) 444-1000
   Facsimile: (916) 444-2100
5  dcoyle@downeybrand.com
   mhans@downeybrand.com
6  aamaral@downeybrand.com

**NOTE CHANGES MADE BY THE COURT.**

7  Attorneys for Defendant
   ANDERSON MERCHANDISERS, LP
8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11  KEVIN CARTER, JUSTIN              CASE NO. 5:08-CV-00025 VAP (OPx)
    CLOUSE, DEBORAH LANASA,
12  and MICHAEL STYLES,               **STIPULATED PROTECTIVE**
    individually, on behalf of all others   **ORDER**
13  similarly situated, and on behalf of
    the general public,,
14
                Plaintiffs,
15
    v.
16
    ANDERSON MERCHANDISERS,
17  LP, and DOES 1-10, inclusive,,
18
                Defendants.
19

20        In order to protect the confidentiality of confidential information obtained by

21  the parties in connection with this case, the parties hereby agree as follows:

22        1.      Any party or non-party may designate as "confidential" (by stamping

23  the relevant page or as otherwise set forth herein) any document or response to

24  discovery which that party or non-party considers in good faith to contain

25  information involving trade secrets, or confidential business or financial

26  information, or personal identifying information pertaining to individuals, subject

27  to protection under the Federal Rules of Civil Procedure or California law. Such

28  documents and responses designated "confidential," including the information

920498.2
                                    1

DOWNEY BRAND LLP

contained therein, are hereinafter referred to as "Confidential Information." Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2.    A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.   Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record.   Upon such objection, the parties shall follow the procedures described in paragraph 8 below.   After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.    All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

b)    employees of such counsel;

STIPULATED PROTECTIVE ORDER

c)       individual defendants, class representatives, any putative class member who has filed a consent with the Court to join in this litigation, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

d)       consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

e)       any authors or recipients of the Confidential Information;

f)       the Court and Court personnel;

g)       court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

g)       witnesses (other than persons described in paragraph 4 (e)).

A witness shall sign the "Agreement to Be Bound by Protective Order" (Exhibit A) before being shown Confidential Information.    Confidential Information may be disclosed to a witness who will not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.       Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such

DOWNEY BRAND LLP

1    information, except as set forth herein.        NOTE CHANGES MADE BY THE COURT.

2        6.    For applications and motions to the Court on which a party submits
3    Confidential Information, *In compliance with Local Rule 79-5, or* all documents and chamber copies containing
4    Confidential Information which are submitted to the Court shall be filed with the
5    Court in sealed envelopes or other appropriate sealed containers.  On the outside of
6    the envelopes, a copy of the first page of the document shall be attached.   If
7    Confidential Information is included in the first page attached to the outside of the
8    envelopes, it may be deleted from the outside copy.  The word "CONFIDENTIAL"
9    shall be stamped on the envelope and a statement substantially in the following
10   form shall also be printed on the envelope:

11              This envelope is sealed pursuant to Order of the Court,
12              contains Confidential Information, and is not to be
                opened or the contents revealed, except by Order of the
13              Court or agreement by the parties.

14       7.    A party may designate as "confidential" documents or discovery
15   materials produced by a non-party by providing written notice to all parties of the
16   relevant document numbers or other identification within thirty (30) days after
17   receiving such documents or discovery materials.  Any party or non-party may
18   voluntarily disclose to others without restriction any information designated by that
19   party or nonparty as confidential, although a document may lose its confidential
20   status if it is made public.

21       8.    If a party contends that any material is not entitled to confidential
22   treatment, such party may at any time give written notice to the party or non-party
23   who designated the material.  The party or non-party who designated the material
24   shall have fifteen (15) days from the receipt of such written notice to apply to the
25   Court for an order designating the material as confidential.  The party or non-party
26   seeking the order has the burden of establishing that the document is entitled to
27   protection.

28       9.    Notwithstanding any challenge to the designation of material as

DOWNEY BRAND LLP

920498.2

4

Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

       a)    the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

       b)    the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

       c)    the Court rules the material is not Confidential Information.

    10.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Conclusion of this action shall refer to termination of the litigation by way of dismissal or judgment.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

    11.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

    12.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

/ / /

/ / /

/ / /

DOWNEY BRAND LLP

920498.2

5

1    13.    Any witness or other person, firm or entity from which discovery is

2  sought may be informed of and may obtain the protection of this Order by written

3  advice to the parties' respective counsel or by oral advice at the time of any

4  deposition or similar proceeding.

5

6  DATED:  May 2, 2008                    DOWNEY, BRAND LLP

7

8                                         By:_____/s/ Daniel J. Coyle_____
                                           DANIEL J. COYLE
9                                          Attorney for Defendant
                                           ANDERSON MERCHANDISERS LP
10

11 DATED:  May 1, 2008                    NICHOLS KASTER & ANDERSON,
                                           LLP
12

13

14                                        By:_____/s/ Matthew H. Morgan_____
                                           MATTHEW H. MORGAN
                                           Attorney for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28

920498.2                                  6

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],
of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2008 [date] in the case of *Carter v. Anderson Merchandisers, LP, et al*, Case No. 5:08-CV-00025 VAP (OPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

920498.2

STIPULATED PROTECTIVE ORDER

DOWNEY BRAND LLP