O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CARTER, JUSTINE CLOUSE, and DEBORAH LANASA, individually, and on behalf of all others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANDERSON MERCHANDISERS, LP, and DOES 1 through 10, inclusive,<br><br>        Defendants. | ***Case No. EDCV 08-0025-VAP (OPx)***<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES, COSTS, AND SERVICE PAYMENTS TO NAMED PLAINTIFFS** |
| TERRI MASSOUD, JACQUELINE OUGEL, and JOYCE SPEARS, individually, and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANDERSON MERCHANDISERS, LP,<br><br>        Defendant. | Case No. EDCV 09-0216-VAP (OPx)<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES AND COSTS**<br><br>**[Motions filed on March 22, 2010]** |

The <u>Carter</u> Plaintiffs' Application for Attorney's Fees, Costs, and Service Payments, and the <u>Massoud</u> Plaintiffs' Application for Attorney's Fees and Costs came before the Court for a hearing on April 19, 2010. After reviewing and considering all papers filed in support of the Applications, as well as the arguments advanced by counsel at the hearing, the Court APPROVES both Applications, as set forth below.

## I.  INTRODUCTION

Plaintiffs in these related wage and hour class actions are current and former full-time, salaried sales representatives (or "representatives") who worked for Defendant Anderson Merchandisers, LP ("Anderson"), in connection with Anderson's supply of various media products to Wal-Mart retail stores nationwide.  The procedural history of the two cases is laid out in detail in the Court's concurrently-filed Order granting final approval of the settlement of both actions.

On March 22, 2010, the <u>Carter</u> and <u>Massoud</u> Plaintiffs each filed applications for an award of attorneys' fees and costs, and the <u>Carter</u> Plaintiffs also moved for the approval of recognition payments totaling $5,000 to two named plaintiffs in that action.  On March 25, 2010, Anderson filed statements of non-opposition to the applications in both cases.

At the hearing on the applications, the Court directed Class Counsel to file supplemental declarations providing more detail as to the costs for which they seek reimbursement. Class Counsel filed such declarations on April 22, 2010.

**II. DISCUSSION**

**A. Attorneys' Fees**

In their applications for attorneys' fees and costs, Plaintiffs seek an award of attorneys' fees equal to 25% of the gross settlement amount, totalling $906,250, as explicitly contemplated by the Settlement Agreement approved by the Court. (Carter Attorneys' Fees Mem. at 1; Massoud Attorneys' Fees Mem. at 1.) The Settlement creates a common fund to resolve both actions, and Plaintiffs seek a joint award of fees for Class Counsel's work in both actions.

Plaintiffs' claims in this case arise under both federal and California law. Under both California and Ninth Circuit precedent, a court may exercise discretion to award attorneys' fees from a common fund by applying either the lodestar method[1] or the percentage-of-the-fund

---

[1] Under the lodestar method, the court calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hour rate and then enhancing that figure by a "risk multiplier", if necessary, to account for the risks associated with representation. Paul,
(continued...)

3

method.[2]  Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 253 (2001); Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002), citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002).  "Irrespective of the chosen method, 'the district court should be guided by the fundamental principle that fee awards out of common funds be 'reasonable under the circumstances.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 667 (E.D. Cal. 2008), citing In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1295 (9th Cir. 1990).

    Plaintiffs seek to employ the latter procedure, whereby Class Counsel, the firm of Nichols Kaster, PLLP, would recover 25% of the $3.625 million settlement fund ($906,250) for attorneys' fees. (Carter Stip. ¶¶ 10, 12(d)(2); Massoud Stip. ¶¶ 10, 12(d)(2).)  "When assessing whether the percentage requested is reasonable, courts look to factors such as: (a) the results achieved; (b) the risk of litigation; (c) the skill required, (d) the quality of work; (e) the contingent nature of the fee and the financial burden; and (f) the awards made in

---

[1](...continued) John, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989).

[2] Under the percentage-of-the-fund method, the court calculates the fee award by designating a percentage of the total common fund. Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

4

1  similar cases." Vasquez v. Coast Valley Roofing, Inc., —
2  F.R.D. —, 2010 WL 892101 (E.D. Cal. Mar. 9, 2010), citing
3  Vizcaino, 290 F.3d at 1047; Six Mexican Workers, 904 F.2d
4  1301.  Applying these six factors, upon examination of
5  Class Counsel's submissions, the Court concludes the fees
6  sought are "reasonable under the circumstances."

8      Class Counsel has achieved a substantial monetary
9  award for the members of the Settlement Class, totalling
10 $3.625 million, with an average recovery $5,818 for each
11 class member.  There were significant risks in pursuing
12 these cases: the ability to maintain class status was
13 uncertain, and the potential application of the Motor
14 Carrier Act, 49 U.S.C. §§ 13102, 13501, and "outside
15 sales" exemptions to the FLSA could have defeated
16 Plaintiffs' legal theory.  The litigation, and
17 settlement, of the cases,  required substantial skill on
18 behalf of Class Counsel, as they involved technical
19 issues of wage and hour law, and three sub-classes with a
20 total of 451 nationwide class members.  Class Counsel
21 have performed their work diligently, investigating and
22 developing their claims in a timely fashion; conducting
23 limited, efficient discovery; and presenting cogent,
24 well-researched legal arguments in their briefs.  The
25 case was undertaken on a contingency fee basis, and Class
26 Counsel advanced all costs, (Morgan Decl. in Supp. of
27 Carter Appl. for Attorneys' Fees ("Morgan Carter

Attorneys' Fees Decl.") ¶¶ 8-9; Morgan Decl. in Supp. of <u>Massoud</u> Appl. for Attorneys' Fees ("Morgan <u>Massoud</u> Attorneys' Fees Decl."), despite the risk of no recovery in this case, representing a significant financial burden.

Finally, the percentage requested is well in line with fees awarded in other cases in the Central District of California, and throughout the Ninth Circuit. <u>See, e.g.</u>, <u>Misra v. Decision One Mortg. Co.</u>, No. SA CV 07-0994 DOC, 2009 WL 4581276, at *8 (C.D. Cal. Apr. 13, 2009) (approving fees of 25% of common fund); <u>Gribble v. Cool Transports Inc.</u>, No. CV 06-04863 GAF, 2008 WL 5281665, at *11-*12 (C.D. Cal. Dec. 15, 2008) (approving fees of 26.5% of common fund); <u>Craft v. County of San Bernardino</u>, 624 F. Supp. 2d 1113 (C.D. Cal. 2008) (approving fees of 25% of settlement fund). A common fund award of 25% is the "benchmark" award for attorneys' fees in the Ninth Circuit. <u>See</u> <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1029 (9th Cir. 1998). <u>See also</u> <u>Sandoval v. Tharaldson Employee Mgmt.</u>, No. EDCV 08-00482-VAP, 2009 WL 3877203, at *8 (C.D. Cal. Nov. 17, 2009) (noting 25% benchmark). While the 25% benchmark can be adjusted upward or downward "to account for any unusual circumstances," the justification for adjustment must be clear. <u>Paul, Johnson, Alston & Hunt v. Graulty</u>, 866 F.2d 268, 272 (9th Cir. 1989). No such circumstances appear here.

1  "Cross-checking" the fee sought under the common fund
2  method with the lodestar method also shows the fees
3  sought to be reasonable.  See, e.g., Atlas v. Acccredited
4  Home Lenders Holding Co., No. 07-CV-00488-H, 2009 WL
5  3698393, at *5 (S.D. Cal. Nov. 4, 2009) (cross-checking
6  common fund award against lodestar); Tarlecki v. bebe
7  Stores, Inc., No. C 05-1777 MHP, 2009 WL 3720872, at *3-
8  *5 (N.D. Cal. Nov. 3, 2009) (same).  Plaintiffs have
9  calculated that, under a lodestar method, they would be
10 entitled to $796,563.75, based on 2,987 hours worked by
11 Class Counsel, at rates ranging from $175 to $600 per
12 hour.  (Morgan Carter Attorneys' Fees Decl. ¶ 8, Exs. A-
13 B; Morgan Massoud Attorneys' Fees Decl. ¶ 8, Exs. A-B.)
14 If a 1.14 risk multiplier were applied to this figure,
15 which is on the low end of multipliers applied in common
16 fund cases, Vizcaino, 290 F.3d at 1050, the fee award
17 under a lodestar analysis would equal the amount sought
18 under the common fund method.  This further confirms the
19 reasonableness of the fees requested.

21    Since the Court finds the 25% fee request reasonable
22 under the circumstances, the Court APPROVES the
23 application for fees.

25 **B.   Costs**
26    In their initial applications, Class Counsel sought
27 approval of reimbursement for $75,621.10 in litigation

7

costs, and $10,000 in settlement administration costs. Should settlement administration costs total less than $10,000, the remainder will be donated to the <u>cy pres</u> beneficiary. (<u>Carter</u> Attorneys' Fees Mem. at 10-11; <u>Massoud</u> Attorneys' Fees Mem. at 10-11.) In his Supplemental Declaration, counsel Matthew Morgan indicates that Class Counsel now seeks reimbursement for a total of $79,340.93, including $729.43 in settlement administration costs. (Morgan Supp. Decl. ¶ 3.)

"The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation. . . ." <u>Vincent v. Brand</u>, 557 F.2d 759, 769 (9th Cir. 1977). The award of costs is subject to a reasonableness test. <u>Hopson v. Hanesbrands Inc.</u>, No. CV-08-0844 EDL, 2009 WL 928133, at *13 (N.D. Cal. Apr. 3, 2009); <u>In re Media Vision Tech. Sec. Litig.</u>, 913 F. Supp. 1362, 1368 (N.D. Cal. 1996).

The Court has reviewed the itemized list of costs, and finds the $78,611.50 sought for litigation costs represents reasonable and appropriate expenses. The Court also finds the $729.43 thus far spent in the course settlement administration costs to be reasonable and appropriate. Class Counsel has still not explained,

however, for what purposes the remaining $9,270.57 it seeks to set aside for settlement administration will be used. In light of Class Counsel's prudent expenditures thus far, and the fact that any portion of this $10,000 not used will revert to the cy pres beneficiary, though, the Court will approve the set-aside.

## C.  Recognition Payments

Plaintiffs seek the approval of $5,000 as recognition or "incentive" payments for two of the named plaintiffs in the Carter action, Kevin Carter and Deborah Lanasa. Such payments would supplement any recovery to which Carter and Lanasa may be entitled under the Settlement Agreement.

Recognition payments are permissible generally, but in determining whether they are justified in a given case, courts are to consider a variety of factors, including:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995). In analyzing these criteria, the Court must conduct an individualized analysis in order to

detect "excessive payments to named class members" that may indicate "the agreement was reached through fraud or collusion."  <u>Staton</u>, 327 F.3d at 977; <u>Alberto</u>, 252 F.R.D. at 669 (E.D. Cal. 2008); <u>Hopson v. Hanesbrands Inc.</u>, No. CV-08-0844 EDL, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009).

Both Carter and Lanasa have been deposed, and responded to Defendant's interrogatories and document requests.  (Morgan Decl. in Supp. of <u>Carter</u> Mot. for Final Approval ("Morgan <u>Carter</u> Approval Decl.") ¶¶ 10, 14; Morgan <u>Carter</u> Attorneys' Fees Decl. ¶ 14.)  Carter indicates that his participation in the suit, including seven interviews with Class Counsel, two settlement discussions, and close to a full day of depositions, totaled approximately thirty-one hours over the course of two years.  (Carter Decl. in Supp. of <u>Carter</u> Appl. for Attorneys' Fees ¶¶ 4, 6, 8, 12.)  Lanasa estimates that her participation, including a half-day deposition, five interviews with Class Counsel, and three settlement discussions, totaled between twenty and thirty hours. (Lanasa Decl. in Supp. of <u>Carter</u> Appl. for Attorneys' Fees  ¶¶ 6, 8, 12.)  Class Counsel has indicated that Carter and Lanasa provided them with "valuable information regarding case strategy and fact discovery," without which "Class Counsel would not have been able to initiate the case."  (Morgan <u>Carter</u> Approval Decl. ¶ 14.)

The total amount of the proposed payments sought is reasonable as compared to the total settlement fund, as it represents less than one-tenth of one percent of the total settlement fund.  See Staton, 327 F.3d at 976 (noting approval of similarly proportional recognition payments); Alberto, 252 F.R.D. at 669 (collecting cases).  On the other hand, neither Carter nor Lanasa are currently employed by Anderson, and thus face little risk of retaliation as a result of their participation in the suit.  Plaintiffs' contention that Carter and Lanasa have nonetheless "incurred the risk that future employers may be reluctant to hire an individual who is a named plaintiff in class action litigation against a former employer," (Pls.' Carter Atty Fee Mem. at 13), does not represent a "reasonable fear of workplace retaliation," Staton, 327 F.3d at 977, quoting Cook, 142 F.3d at 1016.

The Court acknowledges, though, that Carter and Lanasa did devote time and effort to the case, and the information that they provided to Class Counsel was vital in allowing counsel to reach a favorable resolution for the class.  Given the relatively small size of the proposed recognition payments, the Court thus approves the recognition payments requested for both Carter and Lanasa.

### III. CONCLUSION

For the reasons and in the manner explained above, the Court GRANTS the applications of the <u>Carter</u> and <u>Massoud</u> Plaintiffs and approves the disbursal of $906,250 in attorneys' fees, $78,611.50 in costs, and $5,000 in recognition payments to named Plaintiffs Carter and Lanasa. The Court also approves the set-aside of $10,000 for settlement administration costs, of which any portion not used shall be directed to the <u>cy pres</u> beneficiary.

**IT IS SO ORDERED.**

Dated: May 11, 2010

VIRGINIA A. PHILLIPS
United States District Judge